NEW ALBANY, TOWN OF, *v.* KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD CO.

| 76 | 111 |
|---|---|
| f95 | 707 |

TAXATION. *Municipal school taxes. Railroad track outside of municipality. Code 1892, § 3018; code of 1892, § 4013.*

A municipality, being a separate school district, cannot assess and collect taxes for school purposes on a railroad track and right of way without its corporate limits, although the property be embraced in territory added to the school district under code 1892, § 4013, providing for the extension of the school district beyond municipal bounds. Code 1892, § 3018, providing for municipal assessments, has no reference to railroads.

FROM the circuit court of Union county.

HON. Z. M. STEPHENS, Judge.

The railroad company was the plaintiff in the court below; the town was defendant there.

The municipal authorities of the town of New Albany, a separate school district, under code of 1892, § 4013, extended the limits of the separate school district so as to include two miles of railroad track, without the municipal limits, belonging to appellee. The municipal authorities proceeded to assess, for school purposes, the two miles of railroad track and right of way, claiming to act under code of 1892, § 3018. The validity of the assessment was contested by the railroad company, and the court below having decided adversely to the municipality, it appealed to the supreme court.

*Kennedy & Crum,* for appellant.

The property embraced in this levy cannot be assessed by the railroad assessors in any other way than it has been, and the only way under the law that the property embraced in a separate school district, and outside the corporate limits of the municipality, can be assessed by the town for school purposes, is by copying from the county assessment, furnished by the rail-

road assessors, that part embraced within the separate school district. It is contended by appellee that the railroad assessors should distinguish on the rolls the property located inside the limits of the separate school district and outside the corporate limits of the town. But § 3880, annotated code, does not authorize such arrangement, but says, "in cities, towns, villages and levee districts" these distinctions on assessment rolls should be made. The addition of adjoining territory to a municipality, under § 4011, makes the added territory a part of the municipality, so far as the management and control of schools therein are concerned. Section 206 of the state constitution authorizes such arrangement when it recites: "Any separate school district may levy an additional tax to maintain its schools for a longer term than four months." Based on this constitutional right, § 4047, code 1892, empowers "every municipality, being a separate school district, . . . to levy for public schools a tax upon the taxable property" within such separate school district. If it were not true that the property so added became a part of the town for school purposes, and came under the control and management of the town authorities, just as the territory embraced in the limits of the town, in all matters pertaining to schools, there would be nothing to gain by adding territory under the forms of law, as the only advantage to be gained would be to allow pupils embraced in this added territory to attend school in the separate school district. This would only amount to a benefit to those taken in, at a corresponding disadvantage to the town. All this could be accomplished by trustees giving their consent for those outside the district to attend, and there would be no use for the adjoining territory to be added if it does not become a part of the municipality, and under the control of the officers thereof, for all school purposes, including assessment of property by municipality, levy and collection of taxes, and the distribution of funds arising therefrom. No other construction can reasonably be made when all the statutes are construed together.

*J. W. Buchanan*, for appellee.

Section 3018, code 1892, has no reference whatever to railroad property. Such property can be assessed only by the railroad commission. Code 1892, § 3875 *et seq.* That § 3018 has no reference to railroad tracks and rights of way is apparent from its language. It provides for the town clerk copying from the assessment rolls of the county, and for changes in the town's copy when changes are made in the county assessment. County assessors and boards of supervisors can make no changes in railroad assessments.

The legislature, in order that the assessment of railroad property should be uniform throughout the state, devised a scheme for the assessment of the same—applicable alone to railroad property—and the courts should not, by construction, give the powers conferred on the railroad assessors to any other officer or officers of the state, nor should its legislative scheme be marred by judicial extension or contraction.

WHITFIELD, J., delivered the opinion of the court.

The assessment of railroad property part of the road is confided to the railroad commission, as state railroad assessors. Sec. 3880 *et seq.*, code 1892. The clerk of the town of New Albany had no power to make this assessment. Nor do we think § 3018 has any reference to railroad property part of the road. If there is a *casus omissus* it is for the legislature and not this court to supply it.

*Affirmed.*